UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACQUELINE NIEVES on behalf of S.Z.,
an infant under the age of 14 years,
and JACQUELINE NIEVES, individually,

                Plaintiffs,

      -against-

UNITED STATES OF AMERICA,

                Defendant.

---

**CORRECTED COMPLAINT**

Docket No. 18-cv-00905 (JGK)(SDA)

Plaintiffs, by their attorneys, Gary A. Zucker & Associates, P.C., complaining of the defendant herein, respectfully show to this Honorable Court and allege, upon information and belief:

## JURISDICTION

1. At all times hereinafter mentioned, the actions and omissions upon which liability is herein based occurred at the offices of FAMILY HEALTH CENTER OF HARLEM (hereinafter FHCH) located at 1824 Madison Avenue, New York, New York.

2. Pursuant to 42 U.S.C. § 233(g), as of the date of the occurrences alleged herein FHCH was designated a public health service employee and thus FHCH and its employees are deemed to be employees of the United States of America (hereinafter USA) for the purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 671-2680 ("FTCA").

3. Plaintiff, JACQUELINE NIEVES (hereinafter NIEVES) is the mother and natural guardian of S.Z., an infant under the age of 14 years.

4. Pursuant to 28 U.S.C. § 2401(b), on or about the 3rd day of July, 2017, NIEVES, caused to be served upon the United States Department of Health and Human

Services separate claims for damages on behalf of S.Z. and herself setting forth the material facts underlying the within action.

5. On or about the 7th day of July, 2017, the United States Department of Health and Human Services acknowledged receipt of the aforesaid claims

6. More than six months have passed since service of the aforesaid claims.

7. Plaintiffs have duly complied with all prerequisites to the commencement of the within action pursuant to 28 U.S.C. §2675.

**VENUE**

8. Venue properly lies in this court pursuant to 28 U.S.C. §1391(e) on the grounds that the events underlying the within action occurred in the County of New York, State of New York.

**FACTS**

9. Upon information and belief, at all times hereinafter mentioned, FHCH was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Upon information and belief, at all times hereinafter mentioned, FHCH employed various physicians, nurses, technicians, and other individuals for the purpose of rendering medical care and treatment to the public.

11. Upon information and belief, at all times hereinafter mentioned, FHCH held itself out to the public, and more particularly to plaintiff NIEVES, as rendering and being capable of rendering medical care and treatment in accordance with standards of good and accepted medical practice.

12. Upon information and belief, at all times hereinafter mentioned, Rhoda Murray (hereinafter MURRAY) was employed by FHCH as a medical assistant and was by operation of law, an employee of defendant USA.

13. On or about the 10th day of February, 2017, plaintiffs presented at the aforesaid medical office of FHCH.

14. During said visit, a hot compress was applied to S.Z.'s right arm by MURRAY and/or by various other individuals employed by and/or acting in furtherance of the business of FHCH and by operation of law, in the course of their employment for and/or in furtherance of the business of defendant U.S.A.

15. As a result of the application of the hot compress as aforesaid, S.Z. was caused to suffer severe and extensive burns of her right arm.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF S.Z.

16. This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 15 above, with the same force and effect as if set forth herein more fully at length.

17. The application of the aforesaid hot compress, the manner in which it was applied, and the treatment rendered to S.Z. for her said injuries at FHCH constituted a departure from standards of good and accepted medical practice by applying a hot compress that was contraindicated, by applying a compress that was too hot, by continuously applying the hot compress until it caused severe and penetrating second and third degree burns, by ignoring and failing to heed the S.Z.'s cries of pain, and by failing to timely and appropriately treat the S.Z.'s burns.

18. By virtue of the foregoing, the infant plaintiff, S.Z., has been caused to suffer damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF JACQUELINE NIEVES

19. This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 18 above, with the same force and effect as if set forth herein more fully at length.

20. NIEVES is the mother and natural guardian of S.Z.

21. As a result of the negligence, malpractice and wrongdoing of the defendant, its agents, servants, and employees as aforesaid, NIEVES has been and continues to be deprived of the services of the infant plaintiff.

22. By virtue of the foregoing, NIEVES has been caused to suffer damages in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

WHEREFORE, plaintiff JACQUELINE NIEVES demands judgment against the defendant on the First Cause of Action on behalf of S.Z. in the sum of TEN MILLION ($10,000,000.00) DOLLARS, and individually on the Second Cause of Action in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, together with the costs, interest, and disbursements of this action.

GARY A. ZUCKER & ASSOCIATES, P.C.
Attorneys for Plaintiffs
186 Joralemon Street, Suite 1010
Brooklyn, NY 11201
(718) 624-1211


By: */s/ Gary A. Zucker*
     GARY A. ZUCKER (GZ-4956)