UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
JACQUELINE NIEVES on behalf of S.Z., :
an infant under the age of 14 years, and :
JACQUELINE NIEVES, individually, :
:
Plaintiffs, :
: 18 Civ. 905 (SDA)
-against- :
:
THE UNITED STATES OF AMERICA, :
:
Defendant. :
------------------------------------------------------ x

## ORDER APPROVING SETTLEMENT ON BEHALF OF MINOR

On the 2nd day of November, 2018, the above-referenced matter came on for hearing and approval by the Court as to the reasonableness of a settlement between the United States of America and Jacqueline Nieves, Individually and on behalf of S.Z.., a minor.  Plaintiff S.Z.., a minor, appeared through her attorney of record and Jacqueline Nieves, as the mother of S.Z. Defendant United States of America appeared through its attorney of record.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation For Compromise Settlement And Release Of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677 (hereinafter "Stipulation"), attached as Exhibit A.  The Court has reviewed the Stipulation, taken testimony, and heard arguments in favor of this settlement.  The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including that the payment of the settlement is subject to funding pursuant to 42 U.S.C. § 233(k).  The Court finds that the terms and conditions of this settlement, as set forth in the Stipulation are fair, reasonable, and in the best interests of S.Z. , a minor.

IT IS THEREFORE ORDERED that the settlement, as set forth in Exhibits A, is hereby approved.

IT IS FURTHER ORDERED that Jacqueline Nieves, as the mother and guardian of S.Z., a minor, is authorized and required to sign the Stipulation and any other documents that are necessary to consummate this settlement on behalf of S.Z., a minor, and to provide any information and documentation necessary to complete the purchase of the annuity contract.

IT IS FURTHER ORDERED that the settlement amount of **Four Hundred Seventy-Five Thousand Dollars ($475,000)** (hereinafter "Settlement Amount") shall be distributed according to the terms and conditions of the Stipulation and that with respect to the Upfront Cash check that will be made payable to the named Plaintiffs pursuant to Paragraph 3.a.(1) of the Stipulation, the infant's mother, Jacqueline Nieves, shall endorse that check over to Plaintiffs' attorney to be deposited into the attorney's client trust account to be used to pay the attorney's fees, costs, and expenses herein approved and to pay any lien or claim for reimbursement.

IT IS FURTHER ORDERED that the sum of $306,250.00 shall be paid by Defendant United States of America to Arcadia Settlement Groups, Inc. for the purchase of an annuity on behalf of the infant S.Z. from a life insurance carrier licensed in the State of New York, rated A+ by A.M. Best, to pay to the infant S.Z. in accordance with paragraph 3.b(1) of the attached Stipulation.

IT IS FURTHER ORDERED that attorney's fees in this action are approved in the sum of $106,609.00 and shall be paid as provided in the Stipulation.  The Court finds that the costs and expenses associated with the litigation are $1,182.26 and that such costs and expenses are

fair, reasonable, and necessary and that such costs and expenses are approved and are to be paid as provided in the Stipulation.

IT IS FURTHER ORDERED that Plaintiffs are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers and that Plaintiffs, by and through their attorney, shall satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid and Medicare, arising from the subject matter of this action.

IT IS FURTHER ORDERED that from the Upfront Cash Plaintiffs' attorney shall pay to the New York City Department of Social Services the sum of $798.26 in satisfaction of its lien for Medicaid expenses incurred for treatment of the injuries sustained by the infant.

IT IS FURTHER ORDERED that Plaintiffs, by and through their attorney, shall provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation.

IT IS FURTHER ORDERED that from the Upfront Cash, the sum of $25,000.00 shall be paid by Plaintiffs' attorneys to Jacqueline Nieves, mother and natural guardian of the infant, S.Z., in full settlement of her individual claim for loss of services.

IT IS FURTHER ORDERED that from the Upfront Cash, the sum of $35,160.48 be paid by Plaintiffs' attorneys to Jacqueline Nieves jointly with an officer of Chase Bank located at 179 East 116th Street. New York, New York, to be deposited in said bank in an interest bearing account, in the name of the guardian, Jacqueline Nieves, for the benefit of the infant, S.Z., until the said infant S.Z. reaches the age of 18 years, at which time the bank is

directed to pay over to said infant, upon proper proof of age, upon demand, all of the monies held in the aforesaid account.

IT IS FURTHER ORDERED that time deposit accounts shall be subject to the renewal upon maturity at the highest interest rate available at all times funds are on deposit except that the date of maturity shall not extend beyond the date when said infant attains the age of 18 years.

IT IS FURTHER ORDERED, that no withdrawals shall be made from the said account before the infant reaches the age of 18 years, except upon further Order of the New York State Supreme Court or New York State Surrogate's Court, which are hereby granted sole jurisdiction over the settlement funds and sole discretion in regard to any application for withdrawal of the funds.

IT IS FURTHER ORDERED that Chase Bank or its successor shall pay over all monies held in the account to the infant, upon demand and without further court order, when the infant S.Z. reaches the age of 18 years, upon presentment of proper proof thereof and that no partial withdrawals are permitted without prior order of a court.

IT IS FURTHER ORDERED that Chase Bank or its successor is authorized and directed to maintain 100% of said funds in a form of deposit in said depository continuously renewed upon maturity at the highest rate of interest then available, providing that said funds shall be in such a form so that they will be available to the infant S.Z. when she attains the age of l8 years.

IT IS FURTHER ORDERED that Chase Bank or its successor shall upon presentation of the passbook and the infant's completed tax returns, issue drafts payable to the Internal Revenue Service and the New York State Tax Commissioner for payment of income taxes

owed by the infant and natural guardian as a result of interest accrued on the accounts specified herein.

    IT IS FURTHER ORDERED that Plaintiffs, upon final execution of the Stipulation and upon receiving notice from the United States Attorney's Office for the Southern District of New York that it has received the check for the amount of the Upfront Cash set forth in Paragraph 3.a.(1) of the Stipulation, shall cause their attorney to file with this Court a dismissal of this action in its entirety with prejudice, with each party bearing its own costs, expenses, and fees, and the court expressly not retaining jurisdiction over the above-captioned action, this settlement, or the United States and that upon entry of said Order, the United States Attorney's Office for the Southern District of New York shall tender to Plaintiffs' attorney said Upfront Cash check and that the infant's mother, Jacqueline Nieves shall endorse the Upfront Cash check over to Plaintiffs' attorney to be deposited in the attorney's client trust account to facilitate the disbursement of the Upfront Cash as herein authorized. Subject to the terms and conditions set forth in Paragraph 3.a of the Stipulation, Plaintiffs' attorney shall distribute said Upfront Cash in accordance with the terms of this Order after paying or resolving any currently known lien or claim for reimbursement or payment for which Plaintiffs have agreed to be legally responsible under the terms of the Stipulation.

    IT IS FURTHER ORDERED, that this Court shall not retain jurisdiction over the action against the United States or the settlement funds.

    IT IS FURTHER ORDERED that the making and filing of a bond be and is hereby is dispensed with.

_____
Stewart D. Aaron
United States Magistrate Judge

New York, New York

Dated: _____

APPROVED AS TO FORM AND CONTENT:

_____
JENNIFER JUDE
Assistant United States Attorney
Attorney for Defendant,
United States of America



_____
GARY A. ZUCKER
Gary A. Zucker & Associates, P.C.
Attorney for Plaintiffs